IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SIDNEY L. COLEMAN and
LAKESHA M. JOHNSON,

     Plaintiffs,         ORDER

v.                13-cv-765-wmc

DAVID J. COMPTON, SGT. HANSON,
TRACIE A. JOKOLA, JAMIE GRANN,
KYMTANA WOODLY, KYM WOODLY,
KELLY L. BECKETT, CALEB J. BEDFORD,
BENJAMIN D. SCHWARZ, MARK D. ALLEN,
DAVE MERTZ, JEFF FELT,
MICHAEL G. MCEVOY, KELLY POWERS and
JANE AND JOHN DOES,

     Defendants.

---

  Plaintiff Sidney L. Coleman, a prisoner incarcerated in the Wisconsin Department of Corrections at the Jackson Correctional Institution, and plaintiff Lakesha M. Johnson, a non-prisoner, have filed a proposed civil action under 42 U.S.C. § 1983. With the exception of habeas corpus proceedings, the fee for civil actions filed after May 1, 2013 is $400 unless a litigant qualifies as indigent under the federal *in forma pauperis* statute, 28 U.S.C. § 1915, in which case the fee is $350. Plaintiffs have submitted motions for leave to proceed *in forma pauperis*. (Dkts. # 2, 3). Plaintiff Coleman has filed a certified copy of his inmate trust fund account statement in support of his motion for leave to proceed *in forma pauperis* in this case. (Dkt. # 8). After considering the motions and supporting documentation, the court concludes that plaintiffs qualify for indigent status for reasons set forth briefly below.

  Because plaintiff Coleman is incarcerated, his case is governed by the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b), which requires indigent inmates to pay

by installment the entire filing fee for civil actions and appeals. The federal *in forma pauperis* statute does not permit a court to waive a prisoner's entire obligation to pay filing fees, but it does allow a qualifying individual to proceed without prepaying some or all of the filing fee. To determine whether a prisoner qualifies for indigent status for purposes of the PLRA, this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint. In other words, he must make an initial partial payment of the filing fee before the court will consider his complaint. Thereafter, he shall be required to make monthly installment payments from his trust fund account. 28 U.S.C. § 1915(b)(2).

Using information for the relevant time period from plaintiff Coleman's trust fund account statement, 20% of the average monthly balance in plaintiff's account is $98.40, but 20% of plaintiff's average monthly deposits is $49.47. Because the greater of the two amounts is 20% of the average monthly balance, or $98.40, this is the amount plaintiff will be assessed as an initial partial payment of the filing fee. For this case to proceed, plaintiff must submit this amount on or before December 12, 2013.

If plaintiff does not have funds to make the initial partial fee payment in his regular account, he must arrange for prison officials to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison officials to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $98.40 initial partial payment. Before prison officials take any portion of that amount from

plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to ensure that they are aware they should send plaintiff's initial partial payment to this court.

Turning to plaintiff Lakesha Johnson's motion for leave to proceed without prepayment of fees (Dkt. #3), I find that she also qualifies for indigent status. Plaintiff Johnson has two dependents, is unemployed and receives Social Security benefits of $1,270 a month. Her motion will be granted.

With regard to future filings in this case, plaintiffs should be aware of the rules governing communications with the court and parties to the lawsuit. Those rules are listed in a book titled "Federal Civil Judicial Procedure and Rules." In particular, plaintiffs are directed to Rule 5, which requires that every piece of paper in connection with a lawsuit be served on each party, and Rule 11, which requires a signature on every pleading, written motion and other paper. Plaintiffs are equally responsible for the prosecution of this lawsuit. Any document that purports to state the position of both plaintiffs must be signed by all of the plaintiffs. If a plaintiff intends to file a document on his behalf only, that plaintiff must provide a copy of the document to the other plaintiff and indicate that he has served all parties in the case, or his filing will not be considered.

ORDER

IT IS ORDERED that:

1. The motion filed by plaintiff Sidney Coleman for leave to proceed without prepayment of fees (Dkt. # 2) is GRANTED.

2. Plaintiff Coleman is assessed $98.40 as an initial partial payment of the $350 fee for filing this case as an indigent litigant. He shall submit a check or money order made payable to the "Clerk of Court" in the amount of $98.40 on or before December 12, 2013. Plaintiff is advised that, if he fails to comply as directed or show cause of his failure to do so, the court will assume that he does not wish to proceed and this case will be dismissed without further notice pursuant to Fed. R. Civ. P. 41(a).

3. The motion filed by plaintiff Lakesha Johnson for leave to proceed without prepayment of fees (Dkt. # 3) is GRANTED.

4. No further action will be taken in this case until the clerk's office receives plaintiff Coleman's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 22nd day of November, 2013.

                          BY THE COURT:

                          /s/
                          PETER OPPENEER
                          Magistrate Judge