IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SIDNEY L. COLEMAN and
LAKESHA M. JOHNSON,

                      Plaintiffs,

v.

DAVID J. COMPTON, SGT. HANSON,
TRACIE A. JOKOLA, JAMIE GRANN,
KYMTANA WOODLY, KYM WOODLY,
KELLY L. BECKETT, CALEB J. BEDFORD,
BENJAMIN D. SCHWARZ, MARK D. ALLEN,
DAVE MERTZ, JEFF FELT, MICHAEL G. MCEVOY,
KELLY POWERS and  JANE AND JOHN DOES,

                      Defendants.

ORDER

13-cv-765-jdp

---

Plaintiffs Sidney L. Coleman, a prisoner currently incarcerated at the Black River Correctional Center, located in Black River Falls, Wisconsin, and Lakesha M. Johnson, a resident of Madison, have filed this joint civil action pursuant to 42 U.S.C. § 1983, alleging unlawful search and seizure by fourteen named defendants and unspecified John and Jane Doe officers employed by the City of Madison Police Department.  Both plaintiffs have been found eligible to proceed *in forma pauperis*, and Coleman has made a $98.40 initial partial payment of the filing fee as directed by the court.  Johnson was allowed to proceed without prepayment of the filing fee.

Usually, the next step would be for the court to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915.  However, plaintiff Coleman states that, with his recent move to a "boot camp" program at the Black River Correctional Center, he does not have access to his

legal materials or legal research and asks if "there is any way that [he] can possibly postpone this action until [he's] released."[1]

The short answer to plaintiff's question is "No." It is not the court's policy to stay a case indefinitely until the plaintiff is ready to litigate it.[2] Rather, it is the plaintiff's choice to decide whether to continue with the case or see it dismissed.

This choice is complicated somewhat by the fact that plaintiff Coleman purports to be bringing this lawsuit along with plaintiff Johnson, but none of the recent documents submitted by Coleman are signed by Johnson, so it is unclear whether she would like to continue with this case. I will give both Coleman and Johnson a chance to advise the court in writing whether they each wish to continue as plaintiffs in this lawsuit or drop out. If both Coleman and Johnson choose to drop out of the lawsuit, then the case will be dismissed without prejudice for their failure to prosecute it. This is not necessarily a cost-free choice: if plaintiffs decide that they want to dismiss the case and bring a new case when Coleman is ready, then the plaintiff(s) in that lawsuit will owe a brand-new filing fee for the new case in addition to the filing fee Coleman currently owes, and the court will not refund the initial partial payment he has already made in this case.

---

[1] In his letter, Coleman also states, "P.S. If the court can appoint an attorney to help me, that would work also. Thanks." Even if I construed this cursory statement as a motion for the court's assistance in recruiting him counsel, I would have to deny it. The court has already denied one such motion as premature, stating that it would reconsider the request only after the complaint is screened, dkt. 15.

[2] To the extent that plaintiff Coleman is saying that prison officials will not let him access his legal materials or conduct legal research, that is an issue the court could take up later in the case, but I do not understand Coleman to be making a formal motion on this issue at this point.

ORDER

It is ORDERED that:

(1) Plaintiff Sidney Coleman's motion to stay the proceedings, dkt. 16, is DENIED.

(2) Plaintiffs Coleman and Lakesha Johnson may have until June 4, 2014 to inform the court in writing whether they each wish to continue with the case.

Entered this 21st day of May, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge