IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SIDNEY L. COLEMAN and
LAKESHA M. JOHNSON,

                OPINION and ORDER

        Plaintiffs,

                13-cv-765-jdp[1]

   v.

DAVID J. COMPTON, SGT. HANSON,
TRACIE A. JOKOLA, JAMIE GRANN,
KYMTANA WOODLY, KYM WOODLY,
KELLY L. BECKETT, CALEB J. BEDFORD,
BENJAMIN D. SCHWARZ, MARK D. ALLEN,
DAVE MERTZ, JEFF FELT,
MICHAEL G. MCEVOY, KELLY POWERS
and JANE AND JOHN DOES,

        Defendants.

---

Plaintiffs Sidney L. Coleman, a prisoner currently incarcerated at the Black River Correctional Center, and Lakesha M. Johnson, a resident of Madison, have filed this joint civil action pursuant to 42 U.S.C. § 1983, alleging unlawful search and seizure by numerous named defendants and unspecified John and Jane Doe officers employed by the City of Madison Police Department. Both plaintiffs have been found eligible to proceed *in forma pauperis*, and Coleman has made a $98.40 initial partial payment of the filing fee as directed by the court. Johnson was allowed to proceed without prepayment of the filing fee.

Accordingly, the next step is for the court to screen plaintiffs' complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A. In screening any pro se litigant's complaint, the

---

[1] This case was reassigned to me pursuant to a May 16, 2014 administrative order. Dkt. 19.

court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After review of the complaint with this principle in mind, I conclude that plaintiffs may not proceed at this time because the complaint does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8.

The following facts are drawn from plaintiffs' complaint.

## ALLEGATIONS OF FACT

Plaintiff Sidney L. Coleman is currently incarcerated at the Black River Correctional Center. Plaintiff Lakesha M. Johnson is a resident of Madison, Wisconsin. Defendants are officers employed by the Madison Police Department: Sergeant David J. Compton, Sergeant Hanson, Detective Tracie A. Jokala, Detective Jamie Grann, Detective Kymtana Woodly,[2] Detective Kelly L. Beckett, Officer Caleb J. Bedford, Officer Benjamin D. Schwarz, Officer Mark D. Allen, Officer Dave Mertz, Officer Jeff Felt, Officer Michael G. McEvoy, Officer Kelly Powers, and unidentified "John and Jane Doe" officers.

At approximately 11:59 p.m. on January 12, 2011, "a number of defendants" banged on the door of plaintiffs' room at the Road Star Inn in Madison, demanding that plaintiffs exit the room. After they exited, plaintiff Coleman was accused of committing a crime and both plaintiffs were detained at the scene and then taken to the police station. Both plaintiffs were placed in holding cells for several hours. Coleman was "chained to a pole" and interrogated. Johnson was required to provide a DNA sample and her child was taken away

---

[2] Plaintiffs separately name both "Kymtana Woodly" and "Kym Woodly" as defendants in the caption, but refer only to Kymtana Woodly in the body of the complaint. At this point I will assume both captioned defendants are the same person.

from her while she was interrogated about the crime that Coleman was suspected of committing.

## OPINION

I understand plaintiffs to be bringing claims for unlawful search and seizure under the Fourth Amendment and excessive force under the Fourteenth Amendment.[3] However, I cannot determine whether plaintiffs' claims may proceed at this point because they do not include enough detail in their complaint to satisfy Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 also requires that the complaint contain enough allegations of fact to make a claim for relief "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Aschcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (holding that plausibility standard set forth in *Twombly* applies to "all civil actions").

To demonstrate liability on a claim under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts to show that an individual personally caused or participated in the alleged constitutional deprivation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Plaintiffs' complaint does not meet this standard. It names thirteen individual employees of the Madison Police Department as defendants but does not explain which of these defendants took the various actions that plaintiffs believe violated their rights, such as who searched plaintiffs' room, who took

---

[3] In their complaint, plaintiffs also state that their rights under the Eighth Amendment were violated by defendants' conduct, but the Eighth Amendment's protection against cruel and unusual punishment applies to convicted prisoners, not pretrial detainees. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). Plaintiffs' claims about treatment in jail come under the Fourteenth Amendment's due process protections. *Id*.

plaintiffs into custody or who chained plaintiff Coleman to a pole. Because plaintiffs fail to provide sufficient detail to notify the defendants of the allegations against them, as required under Rule 8(a)(2), I will dismiss their complaint. *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011)

However, when a complaint is dismissed under this rule, the plaintiff should be given a chance to amend the complaint to cure the deficiencies. *Id*. Accordingly, I will give plaintiffs a short deadline to submit an amended complaint in which they describe how each named defendant violated their rights. The amended complaint should completely replace the original complaint, so plaintiffs should include the allegations from the original complaint they think are important, along with their new allegations providing further explanation of their claims. If plaintiffs are unsure of the identities of any of the officers who violated their rights, they may refer to the individuals as John or Jane Doe 1, Doe 2, etc., and explain what role that individual played in violating plaintiffs' rights.

If plaintiffs submit an amended complaint in compliance with this order, the court will screen that complaint pursuant to 28 U.S.C. §§ 1915 & 1915A. If plaintiffs fail to submit an amended complaint as directed, then I will dismiss the case for plaintiffs' failure to state a claim upon which relief may be granted. *Paul v. Marberry*, 658 F.3d at 705. Because plaintiff Coleman is a prisoner, such a dismissal would result in him receiving a "strike" under 28 U.S.C. § 1915(g).

There is a final issue to consider. In a May 22, 2014 order denying plaintiff Coleman's motion to stay the proceedings, Magistrate Judge Stephen Crocker noted that plaintiff Johnson had not signed any of the recent documents filed by Coleman, making it unclear whether Johnson wished to continue as a plaintiff in the lawsuit. Coleman has

4

responded to the order, stating that both he and Johnson wish to continue as plaintiffs, but that response is not signed by Johnson. Although Coleman asserted in his response that "[t]he court should be receiving a signed letter with both plaintiffs' signature[s]," the court has not received such a letter. The amended complaint I have instructed plaintiffs to provide must be signed by both plaintiffs Coleman and Johnson, Fed. R. Civ. P. 11(a). If plaintiff Johnson fails to sign the amended complaint, she will be dismissed from the case.

## ORDER

IT IS ORDERED that

1. The complaint filed by plaintiffs Sidney L. Coleman and Lakesha M. Johnson, Dkt. 1, is DISMISSED for failing to comply with Fed. R. Civ. P. 8(a)(2).

2. Plaintiffs may have until July 1, 2014 to submit a proposed amended complaint addressing the deficiencies in the complaint discussed above. If plaintiffs submit a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiffs fail to respond to this order by the deadline, I will dismiss the case for plaintiffs' failure to state a claim upon which relief may be granted.

Entered this 11th day of June, 2014.

BY THE COURT:
/s/

JAMES D. PETERSON
District Judge