IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SIDNEY L. COLEMAN and LAKESHA M. JOHNSON,

        Plaintiffs,

v.

DAVID J. COMPTON *et al.*,

        Defendants.

ORDER

13-cv-765-jdp

---

Plaintiffs Sidney Coleman and Lakesha Johnson filed this civil action pursuant to 42 U.S.C. § 1983, alleging that Madison Police Department officers violated their Fourth Amendment rights in several ways in conjunction with the search of their motel room for a crime for which plaintiff Coleman was a suspect. At plaintiffs' request, the court recruited counsel Deborah Meiners, Wes Webendorfer and Erin Burns of the law firm of DeWitt, Ross & Stevens in Madison, Wisconsin, to represent them *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter their appearance as plaintiffs' *pro bono* counsel for the record.

The next step is for the court to hold a status conference to reset the calendar in this case. Plaintiff Coleman is currently incarcerated at the Dane County Jail, 115 W. Doty Street, Madison, WI 53703; plaintiff Johnson may be reached at 5817 Raymond Road, Apt. 2, Madison, WI 53711, (608) 255-8273. So that counsel will have sufficient time to consult with plaintiffs in advance of a preliminary pretrial conference, the clerk's office will be directed to set that conference in late August as the court's schedule allows.

Finally, plaintiffs should appreciate that their counsel took on this representation out

of a sense of professional responsibility, which includes representing zealously those clients they take on. Now that they are represented by counsel, plaintiffs are advised that in return for representation plaintiffs, too, have taken on a responsibility. For example, all future communications with the court must be through their attorney of record. Plaintiffs must also work directly and cooperatively with their attorneys, as well as those working at their direction, and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiffs do not have the right to require counsel to raise frivolous arguments or to follow every directive they make. On the contrary, plaintiffs should expect their counsel to tell them what they *need* to hear, rather than what they might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiffs from doing so.

If plaintiffs decide at some point that they do not wish to work with their lawyers, they are free to alert the court and end their representation, but they should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent them.

ORDER

IT IS ORDERED that the clerk's office enter Deborah Meiners, Wes Webendorfer and Erin Burns of the law firm of DeWitt, Ross & Stevens as plaintiffs' *pro bono* counsel of record and to set this case for a status conference in late August as the court's schedule allows.

Entered August 3, 2017.

BY THE COURT:

/s/_____
JAMES D. PETERSON
District Judge